**UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES OF AMERICA
*ex rel.* GERALDINE J. JOHNSON

          Plaintiff,

  v.                               CIVIL ACTION NO. CIV-20-00018-JD

(1) S. BLAKE KELLY, MD., and
(2) KELLY MEDICAL, P.C.,
d/b/a OKLAHOMA PAIN CENTER,

          Defendants.

---

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO UNITED STATES OF**
**AMERICA'S COMPLAINT-IN-INTERVENTION**

---

      Defendants S. Blake Kelly, M.D. ("Dr. Kelly") and Kelly Medical, P.C., d/b/a Oklahoma Pain Center ("OPC") (collectively, "Defendants"), hereby submits its Answer and Affirmative Defenses to the United States of America's ("Government" or "Plaintiff") Complaint-In-Intervention ("Complaint") pursuant to Rule 8 of the Federal Rules of Civil Procedure. All allegations not specifically admitted by this Answer are generally denied.

**I.  INTRODUCTION**

    1.  Defendants deny the allegations of any scheme to bill the United States for false and/or fraudulent claims for urine drug testing to any Government Health Benefit Program ("GHBP").

    2.  Defendants deny the allegations set forth in Paragraph 2.

    3.  Defendants deny the allegations set forth in Paragraph 3.

    4.  Defendants neither admit nor deny the allegations set forth in Paragraph 4.

1

## II.  JURISDICTION AND VENUE

5.      Defendants admit that Realtor Geraldine Johnson initiated this action on January 7, 2020, by the *qui tam* provisions of the False Claims Act.

6.      Defendants admit that the Government filed its notice of election to intervene on November 18, 2022, and filed its Complaint on January 17, 2023.

7.      The allegations in Paragraph 7 of the Complaint represent legal conclusions to which no response is required. To the extent Paragraph 7 sets forth allegations requiring an answer, Defendant denies the allegations of Paragraph 7.

8.      Defendants admit that jurisdiction is vested in this Court by 31 U.S.C. § 3732 and 28 U.S.C. §§ 1331 and 1345.

9.      Defendants admit that supplemental jurisdiction is vested in this Court by 28 U.S.C. § 1367(a).

## III. PARTIES

10.    Defendants admit on information and belief that Plaintiff brings this action on behalf of the Department of Health and Human Services ("HHS"), the Department of Defense ("DoD"), and the Office of Personnel Management ("OPM").

11.    Defendants neither admit nor denies the allegations in Paragraph 11 for the reason that such allegations set for vague and broad definitions and statutory authority that require no response.

12.    Defendants neither admit nor denies the allegations in Paragraph 12 for the reason that such allegations set for vague and broad definitions and statutory authority that require no response.

13.    Defendants neither admit nor denies the allegations in Paragraph 13 for the reason that such allegations set for vague and broad definitions and statutory authority that require no response.

14.   Defendants admit that OPC is an Oklahoma professional corporation that has and continues to operate with its principal place of business at 13921 N. Meridian Avenue, Oklahoma City, Oklahoma 73134. Defendants admit that the sole owner and operator of OPC is Dr. Kelly.

15.   Defendants admit that Dr. Kelly is a physician licensed to practice medicine in Oklahoma and primarily operated out of OPC during the relevant time period.

16.   Defendants admit that the practitioners at OPC provide pain management treatment that often involves the prescribing of opiates and other controlled substances to chronic pain patients. Defendants admit Dr. Kelly used UDT to monitor and treat OPC patients. Defendants admit that Dr. Kelly directed and controlled OPC daily operations, including the operation of OPC's in-house UDT laboratory and the submission of claims to GHBP. Defendants deny the remaining allegations made, including any suggestion of liability or knowledge of an alleged fraudulent scheme on GHBP.

IV. LAW

17.   Defendant neither admits nor denies the allegations in Paragraph 17 and for the reason that such allegations recite 31 U.S.C. §§ 3729(a)(1) and 3729(b)(1) and requires no response.

18.   Defendant neither admits nor denies the allegations in Paragraph 17 and for the reason that such allegations set forth vague and broad statutory authority related to the creation of Medicare and requires no response.

19.   Defendant neither admits nor denies the allegations in Paragraph 19 and for the reason that such allegations set forth vague and broad description of the Medicare system based on statutory authority and requires no response.

20.   Defendant neither admits nor denies the allegations in Paragraph 20 and for the reason that such allegations set forth vague and broad description of the administration of Medicare program

through CMS, who then contracts with Medicare Administrative Contractors ("MACs") and cites statutory authority which requires no response. Defendant admit on information and belief that Novitas Solutions, Inc., ("Novitas") was the MAC for the UDT services billed to Medicare at the times relevant to this Complaint, and that Defendants submitted bills to Novitas.

21.   Defendants neither admit nor deny the allegations in Paragraph 21 and for the reason that such allegations set forth vague and broad description of the Medicare system enrollment system and requires no response.

22.   Defendants neither admit nor deny the allegations in Paragraph 22 and for the reason that such allegations set forth vague and broad description of the Medicare participant certification that they have and will continue to satisfy the Medicare laws, regulations, and program instructions based on 42 C.F.R. § 424.516(a)(1) and requires no response.

23.   Defendants admit upon information and belief that a provider must sign the "Certification Statement" in Section 15 of Form CMS-855B. Defendants neither admit nor deny the remaining allegations in Paragraph 23, as the contents of Form CMS-855B speak for itself.

24.   Defendants admit that Dr. Kelly signed the certification statement in Section 15 of Form CMS-855B several times as the authorized official on behalf of OPC. Defendants neither admit nor deny the remaining allegations in Paragraph 23, as the contents of Form CMS-855B speak for itself.

25.   Defendants admit upon information and belief that a provider must sign a claim form known as the CMS 1500 form or its electronic equivalent known as the 837P format to obtain Medicare reimbursement.

26.   Defendants admit upon information and belief that a provider must complete and submit to CMS an Electronic Data Interchange Enrollment Form ("EDI") to submit claims via the 837

format. Defendants neither admit nor deny the remaining allegations in Paragraph 26, as the contents of the EDI speak for itself.

27.   Defendants admit that OPC submitted its EDI to Novitas by facsimile dated June 30, 2015.

28.   Defendants neither admit nor deny the allegations in Paragraph 28, as the contents of the CMS 1500 form and the 837P format speak for themselves.

29.   Defendants neither admit nor deny the allegations in Paragraph 29, as the contents of the referenced document, "Medicare Learning Network Fact Sheet, Medicare Billing: 837P and Form CMS-1500," speaks for itself.

30.   Defendants neither admit nor deny the allegations in Paragraph 30 and for the reason that such allegations recite and draw legal conclusions of statutory authority and require no response.

31.   Defendants neither admit nor deny the allegations in Paragraph 31 and for the reason that such allegations recite and draw legal conclusions of statutory authority and require no response.

32.   Defendants admit upon information and belief that a provider must include a valid National Provider Identifier ("NPI") on the CMS 1500 form or 837P format. Defendants neither admit nor deny the remaining allegations in Paragraph 22, as the contents of the referenced document "Medicare Claims Process Manual, Ch. 26, § 10.4" speak for itself.

33.   Defendants admit that the UDT claims submitted to GHBP at issue here identified OPC (NPI 1467495226) as the billing provider and Dr. Kelly (NPI 1134167455) as the rendering provider.

34.   Defendants admit that the UDT claims here were submitted for payment by OPC to Novitas, the MAC responsible for processing such claims in the State of Oklahoma.

35.    Defendants admit upon information and belief, it is standard that after a provider submits the CMS-1500 or 837P claim to Novitas, the claim is paid directly to the provider without any review of supporting documents, which includes medical records.

36.    Defendants admit upon information and belief that UDT claims were submitted for payment by Medicare via Novitas.

37.    Defendants admit in part that TRICARE is a government-funded healthcare program for uniformed services members, retirees, and their families around the world and is managed by DHA in two state-side regions. Defendant admits in part that Wisconsin Physicians Service ("WPS") is Humana Military's claims processing contractor in the TRICARE East Region. Defendants deny that false claims were submitted to TRICARE or any affiliated organization.

38.    Defendants neither admit nor deny the allegations set forth in Paragraph 38 as Defendants lack knowledge or information on how guidance is provided to Humana Military or how those directions are modified, and leaves Plaintiffs to its proofs.

39.    Defendants neither admit nor deny the allegations in Paragraph 39 for the reason that the statute speaks for itself and response is not required.

40.    Defendants neither admit nor deny the allegations in Paragraph 40 as for the reason that the statutes speak for themselves and response is not required.

41.    Defendants neither admit nor deny the allegations in Paragraph 41 as for the reason that the statutes speak for themselves and response is not required.

42.    Defendants neither admit nor deny the allegations in Paragraph 42 as for the reason that the statute speaks for itself and response is not required.

43.    Defendants neither admit nor deny in part the allegations in Paragraph 43 as for the reason that the statute speaks for itself and response is not required. Defendants neither admit nor deny in

part that Medicare is the primary payer and TRICARE is secondary, as it lacks sufficient knowledge of the information.

44.   Defendants admit upon information and belief that non-institutional providers may submit paper claims after first submitting a CMS 1500 form to TRICARE.

45.   Defendants admit that UDT claims for payment were sent by Defendants to TRICARE via WPS.

46.   Defendants admit upon information and belief that FEHBP is a federally funded insurance program for federal employees, retirees, and their dependents under the age of 26 funded at least partially by federal agencies.

47.   Defendants neither admit nor deny the allegations in Paragraph 47 as for the reason that the statute speaks for itself and response is not required.

48.   Defendants neither admit nor deny the allegations in Paragraph 48 as for the reason that the statutes speak for themselves and response is not required.

49.   Defendants neither admit nor deny the allegations in Paragraph 49 as for the reason that the statutes speak for themselves and response is not required.

50.   Defendants admit upon information and belief that BlueCross BlueShield ("BCBS") and the Government Health Association, Inc. ("GEHA") are the FEHBP plans here.

51.   Defendants neither admit nor deny the allegations in Paragraph 51 as for the reason that the statute speaks for itself and response is not required.

52.   Defendants neither admit nor deny the allegations in Paragraph 52 as for the reason that the statutes speak for themselves and response is not required.

53.   Defendants neither admit nor deny the allegations in Paragraph 53 as the contents of the referenced documents speak for themselves.

54.   . Defendants neither admit nor deny the allegations in Paragraph 54 as the contents of the referenced documents speak for themselves.

55.   Defendants neither admit nor deny the allegations in Paragraph 53 as the contents of the referenced documents speak for themselves.

56.   Defendants admit upon information and belief that it submitted UDT claims for payment to the FEHBP via multiple OPM-contracted health insurance carriers, including, but not limited to, BCBS and GEHA.

57.   Defendants neither admit nor deny the allegations made in Paragraph 57 as Defendants do not have the requisite knowledge to admit or deny the accuracy of the Government's internal operations.

58.   Defendants admit that claims submitted to GHBP are generally paid directly to Defendants without additional review of supporting documents, such as medical records.

V.  BACKGROUND

59.   Defendants admit to the allegations set forth in Paragraph 59.

60.   Defendants admit to the allegations set forth in Paragraph 60.

61.   Defendants admit to the allegations set forth in Paragraph 61.

62.   Defendants admit to the allegations set forth in Paragraph 62.

63.   Defendants admit to the allegations set forth in Paragraph 63.

64.   Defendants admit to the allegations set forth in Paragraph 64.

65.   Defendants deny the allegations in Paragraph 65.

66.   Defendants deny the allegations in Paragraph 66.

67.   Defendants deny the allegations in Paragraph 67.

68.   Defendants admit to the allegations set forth in Paragraph 68.

69.   Defendants admit to the allegations set forth in Paragraph 69.

70.   Defendants admit to the allegations set forth in Paragraph 70.

71.   Defendants deny the allegations in Paragraph 71.

72.   Defendants neither admit nor deny the allegations made in Paragraph 57 as Defendants do not have the requisite knowledge to admit or deny the accuracy of the LC-MS sample testing operations or the labs billing procedures and requirements.

73.   Defendants admit to the allegations set forth in Paragraph 73.

74.   Defendants admit to the allegations set forth in Paragraph 74.

75.   Defendants neither admit nor deny the allegations in Paragraph 75 as the referenced statutes speak for themselves.

76.   Defendants neither admit nor deny the allegations in Paragraph 75 as the contents of the referenced document and the referenced statute speak for themselves.

77.   Defendants admit to the allegations set forth in Paragraph 77.

78.   Defendants neither admit nor deny the allegations in Paragraph 78 as the contents of the referenced document speaks for itself.

79.   Defendants neither admit nor deny the allegations in Paragraph 79 as the contents of the referenced document speaks for itself.

80.   Defendants neither admit nor deny the allegations in Paragraph 80 as the contents of the referenced document speaks for itself.

81.   Defendants admit to the allegations set forth in Paragraph 81.

82.   Defendants admit to the allegations set forth in Paragraph 82.

83.   Defendants admit to the allegations set forth in Paragraph 83.

84.   Defendants admit to the allegations set forth in Paragraph 84.

85.   Defendants admit to the allegations set forth in Paragraph 85.

VI. DEFENDANTS' FRAUDULENT SCHEMES

86.   Defendants admit to the allegations set forth in Paragraph 86.

87.   Defendants admit to the allegations set forth in Paragraph 87.

88.   Defendants deny the allegations set forth in Paragraph 88.

89.   Defendants deny the allegations set forth in Paragraph 89.

90.   Defendants deny the allegations set forth in Paragraph 90.

91.   Defendants deny the allegations set forth in Paragraph 91.

92.   Defendants deny the allegations set forth in Paragraph 92.

93.   Defendants deny the allegations set forth in Paragraph 93.

94.   Defendants deny the allegations set forth in Paragraph 94.

95.   Defendants deny the allegations set forth in Paragraph 95.

96.   Defendants deny the allegations set forth in Paragraph 96.

97.   Defendants deny the allegations set forth in Paragraph 97.

98.   Defendants admit to the allegations set forth in Paragraph 98.

99.   Defendants deny the allegations set forth in Paragraph 99.

100. Defendants admit to the allegations set forth in Paragraph 100.

101. Defendants deny the allegations set forth in Paragraph 101.

102. Defendants deny the allegations set forth in Paragraph 102.

103. Defendants deny the allegations set forth in Paragraph 103.

104. Defendants deny the allegations set forth in Paragraph 104.

105. Defendants deny the allegations set forth in Paragraph 105.

106. Defendants deny the allegations set forth in Paragraph 106.

107. Defendants deny the allegations set forth in Paragraph 107.

108. Defendants deny the allegations set forth in Paragraph 108.

109. Defendants deny the allegations set forth in Paragraph 109.

110. Defendants deny the allegations set forth in Paragraph 110.

111. Defendants deny the allegations set forth in Paragraph 111.

112. Defendants deny the allegations set forth in Paragraph 112.

113. Defendants deny the allegations set forth in Paragraph 113.

114. Defendants deny the allegations set forth in Paragraph 114.

115. Defendants deny the allegations set forth in Paragraph 115.

116. Defendants deny the allegations set forth in Paragraph 116.

117. Defendants deny the allegations set forth in Paragraph 117.

118. Defendants deny the allegations set forth in Paragraph 118.

119. Defendants admit in part that the letter quoted in Paragraph 119 is a statement made by Dr. Kelly. Defendants deny all other allegations set forth in Paragraph 119.

120. Defendants admit in part that the letter quoted in Paragraph 120 is a statement made by Dr. Kelly. Defendants deny all other allegations set forth in Paragraph 120.

121. Defendants admit the allegations set forth in Paragraph 121.

122. Defendants deny the allegations set forth in Paragraph 122.

123. Defendants admit the allegations set forth in Paragraph 123.

124. Defendants deny the allegations set forth in Paragraph 124.

125. Defendants admit the allegations set forth in Paragraph 125.

126. Defendants deny the allegations set forth in Paragraph 126 as the claims were not false or fraudulent claims.

127. Defendants deny the allegations set forth in Paragraph 124.

128. Defendants deny the allegations set forth in Paragraph 124.

129. Defendants deny in part the allegations set forth in Paragraph 129 for the reasons that there was no fraudulent scheme. Defendants neither admit nor deny in part the remaining allegations set forth in the sub-paragraphs of Paragraph 129 as they do not currently have the requisite knowledge of the patient files necessary to fully respond.

130. Defendants deny the allegations set forth in Paragraph 130.

FIRST CLAIM FOR RELIEF

131. Defendants reallege and incorporate by reference their responses to the Complaint as if fully set forth herein.

132. Defendants deny the allegations set forth in Paragraph 132.

133. Defendants deny the allegations set forth in Paragraph 133.

134. Defendants deny the allegations set forth in Paragraph 134.

135. Defendants deny the allegations set forth in Paragraph 135.

136. Defendants deny the allegations set forth in Paragraph 136.

137. Defendants deny the allegations set forth in Paragraph 137.

SECOND CLAIM FOR RELIEF

138. Defendants reallege and incorporate by reference their responses to the Complaint as if fully set forth herein.

139. Defendants deny the allegations set forth in Paragraph 139.

140. Defendants deny the allegations set forth in Paragraph 140.

141. Defendants deny the allegations set forth in Paragraph 141.

142. Defendants deny the allegations set forth in Paragraph 142.

143. Defendants deny the allegations set forth in Paragraph 143.

144. Defendants deny the allegations set forth in Paragraph 144.

THIRD CLAIM FOR RELIEF

145. Defendants reallege and incorporate by reference their responses to the Complaint as if fully set forth herein.

146. Defendants deny the allegations set forth in Paragraph 146.

147. Defendants deny the allegations set forth in Paragraph 147.

148. Defendants deny the allegations set forth in Paragraph 148.

149. Defendants deny the allegations set forth in Paragraph 149.

150. Defendants deny the allegations set forth in Paragraph 150.

FOURTH CLAIM FOR RELIEF

151. Defendants reallege and incorporate by reference their responses to the Complaint as if fully set forth herein.

152. Defendants deny the allegations set forth in Paragraph 152.

153. Defendants deny the allegations set forth in Paragraph 153.

154. Defendants deny the allegations set forth in Paragraph 154.

155. Defendants deny the allegations set forth in Paragraph 155.

FIFTH CLAIM FOR RELIEF

156. Defendants reallege and incorporate by reference their responses to the Complaint as if fully set forth herein.

157. Defendants deny the allegations set forth in Paragraph 157.

158. Defendants deny the allegations set forth in Paragraph 158.

159. Defendants deny the allegations set forth in Paragraph 159.

160. Defendants deny the allegations set forth in Paragraph 160.

161. Defendants deny the allegations set forth in Paragraph 161.

162. Defendants deny the allegations set forth in Paragraph 162.

<u>AFFIRMATIVE DEFENSES</u>

FIRST DEFENSE

The Complaint, and each allegation therein, fails to state a claim upon which relief can be granted.

SECOND DEFENSE

Some or all of Plaintiff's claims fail to the extent that Plaintiff's allegations depend on a faulty understanding of urine drug testing and the medical necessity of each test when treating specific patient populations.

THIRD DEFENSE

Some or all of Plaintiff's claims fail to the extent that even if claims submitted by Defendants were not medically necessary, Defendants did not submit such claims with the requisite knowledge and subjective beliefs.

FOURTH DEFENSE

Plaintiff's right to recovery, if any, must be offset by her failure to reasonably mitigate her alleged losses.

Defendants reserve the right to assert any and all additional affirmative defenses that discovery or other evidence may reveal to be appropriate. Defendants further reserve the right to amend its Answer or otherwise plead in response to Plaintiff's Complaint, and to file such other Motions as it may consider advisable in defense of the case or as warranted by information adduced through the discovery process.

PRAYER FOR RELIEF

WHEREFORE, having answered the Complaint and set forth its affirmative defenses thereto, Defendants request that this Court:

a. Order that Plaintiff take nothing by its lawsuit, including all treble damages, civil penalties, damages, and any interest consequential to any form of monetary penalty;

b. Dismiss this action with prejudice;

c. Award Defendants its reasonable costs and attorneys' fees; and

d. Grant other relief as the Court deems appropriate.

Respectfully Submitted,

CHAPMAN LAW GROUP

Dated: May 18, 2024          /s/ *Ronald W. Chapman II*
                             Ronald W. Chapman II, Esq., LL.M.
                             Bar No. P73179(MI)
                             *Counsel for Defendants*
                             RWChapman@ChapmanLawGroup.com

## **PROOF OF SERVICE**

I hereby certify that on May 18, 2024, I presented the foregoing paper to the Clerk of the Court for filing and I have emailed such filing to the attorneys of record and I hereby certify that I have mailed by US Postal Service the document to any involved non-participants.

/s/ *Ronald W. Chapman II*
Ronald W. Chapman II, Esq., LL.M.
Bar No. P73179 (MI)
*Counsel for Defendants*
RWChapman@ChapmanLawGroup.com